## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

RON C. EVERETT,      :
            :
  Petitioner,      :
            :
  VS.         :
            :  NO. 5:13-CV-289 (MTT)
Warden DON BARROW,   :
            :
  Respondent.     :  **O R D E R**

*Pro se* Petitioner **RON C. EVERETT**, a prisoner at Washington State Prison, has filed a handwritten "Petition for a Writ of Habeas Corpus" pursuant to "28 U.S.C. § 2241(c)(3)" (Doc. 1).   Solely for purposes of the Court's dismissing this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

Petitioner was convicted in the Superior Court of Chatham County in 2007 of robbery, kidnapping, and elder abuse.   *Everett v. State*, 297 Ga. App. 351, 351 (2009). Because Petitioner is incarcerated pursuant to a state court judgment, his habeas corpus claims arise under 28 U.S.C. § 2254, not section 2241.   *See* 28 U.S.C. § 2254(a); *Morris v. Florida Dep't of Corrections*, __ F. App'x __, 2013 WL 2319385 (11th Cir. May 28, 2013) (explaining the relationship between section 2241 and section 2254).

Petitioner previously filed a habeas petition in the Southern District of Georgia attacking his 2007 conviction.[1]   *Everett v. Barrow* ("*Barrow I*"), 4:12-cv-73-WTM-GRS

---

[1]  A state prisoner may file a habeas petition in the district within which the prisoner was convicted or in the district within which the prisoner is confined.  *See* 28 U.S.C. § 2241(d).   The Court in which the petition is filed may transfer it to the other appropriate district "in furtherance of justice." *Id.*   It is the long-standing policy of the United States District Courts for the Middle, Northern, and Southern Districts of Georgia to cause all such petitions to be filed in or transferred to the district within which the state prisoner was convicted.  *Eagle v. Linahan*, 279 F.3d 933 n.9 (11th Cir. 2001) (recognizing said policy).

(S.D. Ga., filed Mar. 15, 2012).   On May 23, 2012, Judge William T. Moore adopted the recommendation of the Magistrate Judge that **Barrow I** be dismissed as untimely (**Barrow I**, Doc. 16).   By Order dated October 15, 2012, the Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of appealability (**Barrow I**, Doc. 23).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).   The instant petition is successive within the meaning of section 2244(b). *See e.g.*, *Morris*, ___ F. App'x at ___, n.3, 2013 WL 2319385 at *1, n.3 ("For a second § 2254 petition to be considered successive, the first § 2254 petition must have been denied or dismissed with prejudice…. A denial of a § 2254 petition as untimely is considered to be with prejudice." (citations omitted)).

There is no indication that the Eleventh Circuit Court of Appeals has granted Petitioner permission to file a successive habeas petition.   Accordingly, this Court lacks jurisdiction to act upon the instant petition.   *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).[2]

It is therefore **ORDERED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to Petitioner's filing in the Eleventh Circuit a motion for leave to file a second or successive habeas petition.   The Clerk of Court is **DIRECTED** to furnish Petitioner with the Eleventh Circuit's application form.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District

---

[2] Even if this Court had jurisdiction, transfer of this action would not be in furtherance of justice.

Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant."   Under 28 U.S.C. § 2253(c), a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.   The Court declines to issue a COA because Petitioner has not made a substantial showing of the denial of any constitutional right.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**SO ORDERED**, this 21st day of August, 2013.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr